**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF NEW YORK

Case number *(if known)* _____  Chapter  **11**

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Relativity Fashion, LLC** |
| 2. | All other names debtor used in the last 8 years  Include any assumed names, trade names and *doing business as* names | **DBA  M3 Relativity** |
| 3. | Debtor's federal Employer Identification Number (EIN) | **46-3954571** |
| 4. | Debtor's address | **Principal place of business**  c/o Relativity Media, LLC  9242 Beverly Boulevard, Suite 300  Beverly Hills, CA 90210  Number, Street, City, State & ZIP Code    **Los Angeles**  County | **Mailing address, if different from principal place of business**  P.O. Box, Number, Street, City, State & ZIP Code    **Location of principal assets, if different from principal place of business**  Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  ☐ Partnership (excluding LLP)  ☐ Other. Specify: _____ |

Debtor **Relativity Fashion, LLC**
     Name

Case number (*if known*) _____

**7. Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply*
- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

- ☐ No.
- ☒ Yes.

If more than 2 cases, attach a separate list.

| | | | | | |
|---|---|---|---|---|---|
| District | **Southern District of New York** | When | **7/30/15** | Case number | **15-11989-mew** |
| District | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ☒ Yes.

List all cases. If more than 1, attach a separate list

| | | | | | |
|---|---|---|---|---|---|
| Debtor | **RML Distribution Domestic, LLC** | | | Relationship | **Affiliate** |
| District | **Southern District of New York** | When | | Case number, if known | |

Debtor **Relativity Fashion, LLC**   Case number (*if known*) _____
    Name

**11. Why is the case filed in *this district*?**   *Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ■ No
- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other _____

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**
- ☐ No
- ☐ Yes. Insurance agency _____
  Contact name _____
  Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**   *Check one:*
- ■ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**
- ■ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**15. Estimated Assets**
- ■ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**
- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ■ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

Debtor **Relativity Fashion, LLC** _____ Case number (*if known*) _____
         Name

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/03/2018
             MM / DD / YYYY

X  /s/ Colin M. Adams                                    Colin M. Adams
   Signature of authorized representative of debtor       Printed name

Title  **Chief Restructuring Officer / Authorized Representative**

**18. Signature of attorney**

X  /s/ Carey D. Schreiber                                Date  05/03/2018
   Signature of attorney for debtor                            MM / DD / YYYY

**Carey D. Schreiber**
Printed name

**Winston & Strawn LLP**
Firm name

**200 Park Avenue**
**New York, NY 10166**
Number, Street, City, State & ZIP Code

Contact phone  (212) 294-6700       Email address  cschreiber@winston.com

**2824662 NY**
Bar number and State

# WRITTEN CONSENT OF THE MANAGER AND SOLE MEMBER OF

# RELATIVITY FASHION, LLC

May 2, 2018

The undersigned, being the manager (the "Manager") and the sole member (the "Member") of RELATIVITY FASHION, LLC, a limited liability company organized under the laws of the State of New York (the "Company"), **DO HEREBY CONSENT TO, APPROVE AND ADOPT** the following resolutions (the **"Resolutions"**) pursuant to the Company's operating agreement and the New York Limited Liability Company Law:

**WHEREAS**, the Manager and Member has reviewed and considered the information presented by (and have consulted with) the Company's management and advisors regarding the liabilities, assets, and liquidity of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the businesses of the Company.

**1. Commencement of Chapter 11 Case**

**NOW, THEREFORE, BE IT RESOLVED**, that the Company has been unable to obtain further forbearances from the secured lenders and additional financing absent the Company taking the actions contemplated herein, and absent such forbearances and financing, the Manager and Member, in their judgment, have determined that it is desirable and in the best interests of the Company, its respective creditors, employees and other stakeholders that a petition be filed by the Company seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**RESOLVED**, that the Company shall be, and hereby is, authorized to (a) file a voluntary petition (a "Petition") for relief under Chapter 11 of the Bankruptcy Code thereby commencing a Chapter 11 bankruptcy case (the "Chapter 11 Case") in the United States Bankruptcy Court for the Southern District of New York or such other court as Colin M. Adams, as Chief Restructuring Officer and Successor Manager of the Company (the "CRO and Successor Manager") shall determine to be appropriate (the "Bankruptcy Court") and (b) perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effectuate the purpose and intent of the foregoing;

**RESOLVED**, that the CRO and Successor Manager is hereby authorized and directed to (i) cause to be filed the Petition on behalf of the Company, (ii) execute the Petition and the appropriate certifications and written consents and/or resolutions in support of the Petition and the Chapter 11 Case, and (iii) execute, acknowledge, deliver, verify, certify, and file, or cause to be filed, any required filings in the Chapter 11 Case on behalf of the Company, including, without limitation, those referenced in the preceding clauses (i) and (ii); and

**RESOLVED**, that the CRO and Successor Manager shall be, and hereby is, authorized to execute, acknowledge, deliver, verify, certify, and file, or cause to be filed in the Chapter 11 Case, all

1

petitions, motions, applications, declarations, affidavits, pleadings and other documents and to perform any and all further acts that are necessary or desirable in the Chapter 11 Case.

**2. Retention of Professionals and Claims and Noticing Firm**

**NOW, THEREFORE, BE IT RESOLVED**, that the law firm Winston & Strawn LLP is retained by the Company as counsel to represent the Company in its Chapter 11 Case, subject to the approval of the Bankruptcy Court, for the purpose of assisting the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the rights of the Company, including filing any pleading, and in connection therewith;

**RESOLVED**, that M-III Partners, LP ("M-III") is retained by the Company to provide, Colin Adams as the CRO such other M-III personnel as the CRO shall determine is required to assist the CRO in providing services to the Company in a professional manner;

**RESOLVED**, that Prime Clerk LLC ("Prime Clerk") shall be, and hereby is, employed by the Company to provide consulting services to the Company regarding noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, and any other services agreed to by the parties; and

**RESOLVED**, that the CRO and Successor Manager and any other officer of the Company shall be, and hereby are, authorized and directed to execute any appropriate engagement letters and agreements and such other documents necessary to retain Prime Clerk, the professionals specifically identified in this Section 2 (the "Professionals"), and other or additional financial advisors, investment bankers, accountants, auditors, advisors, legal counsel, and other professionals not specifically identified in this Section 2 ("Other Professionals") (and amendments thereto), and to cause the Company to pay appropriate retainers to such firms prior to the filing of the Chapter 11 Case or after to the extent appropriate and permitted in the Chapter 11 Case, and to cause to be filed appropriate applications or motions seeking authority to retain and pay for the services of such firms.

**3. Postpetition Financing and Use of Cash Collateral**

**NOW, THEREFORE, BE IT RESOLVED**, that the CRO and Successor Manager shall be, and hereby is, authorized to execute, on behalf of the Company, any debtor in possession financing documents the CRO determines to be in the best interests of the Company.

**4. Asset Sale**

**NOW, THEREFORE, BE IT RESOLVED**, that the CRO and Successor Manager shall be, and hereby is, authorized to sell the assets of the Company in any manner he deems appropriate as approved by the Bankruptcy Court, and if the Manager and Member subsequently determines that it is beneficial and appropriate, the Manager and Member may authorize the CRO to have prepared and filed, with the appropriate supporting documents, a chapter 11 plan of reorganization for the Company.

**5. Omnibus Resolutions.**

**NOW, THEREFORE, BE IT RESOLVED,** that in connection with the Chapter 11 Case, the CRO and Successor Manager shall be, and hereby is, authorized and empowered on behalf of and in the name of the Company, to negotiate, execute, deliver, and perform or cause the performance of any other notes, guarantees, security agreements, cash collateral and other agreements, consents, certificates, or instruments as such person considers necessary, appropriate, desirable or advisable to effectuate any other use of cash, borrowing or other financial arrangements approved by the Manager and Member, including but not limited to insurance premium financing, such determination to be evidenced by such execution or taking of such action;

**RESOLVED**, that the omission from these Resolutions of any agreement, document or other arrangement contemplated by any of the agreements, documents or instruments described in these Resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in these Resolutions shall in no manner derogate from the authority of the CRO and Successor Manager or his designee or any other officer of the Company, to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, these Resolutions;

**RESOLVED**, that the CRO and Successor Manager and any other officer of the Company shall be, and hereby is, authorized to take any actions and to provide any notices to any financial institutions of the Company; and

**RESOLVED**, that any and all actions lawfully done for and on behalf and in the name of the Company by any officer, Professionals or Other Professionals engaged by the Company in connection with the Chapter 11 Case with respect to any transactions contemplated by these Resolutions before or after their adoption be, and they hereby are, ratified, authorized, approved, adopted and consented to in all respects for all purposes.

*[signature page to follow]*

3

**IN WITNESS WHEREOF**, I have hereunto set my hand as of the date appearing on the first page of this written consent and Resolutions.

**MANAGER:**

**RELATIVITY MEDIA, LLC**

By: _____
Title: Colin M. Adams
       Successor Manager and CRO,
       Pursuant to Resolution of and Direction
       by Manager and Sole Member

**SOLE MEMBER:**

**RELATIVITY MEDIA, LLC**

By: _____
Title: Colin M. Adams
       Successor Manager and CRO,
       Pursuant to Resolution of and Direction
       by Manager and Sole Member

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> RELATIVITY FASHION, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 18-_____ (___) |

## CORPORATE OWNERSHIP STATEMENT

In accordance with Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, Relativity Fashion, LLC hereby states as follows:

1. Relativity Media, LLC holds 100% of the equity in Relativity Fashion, LLC.

2. Relativity Holdings LLC owns 100% of the equity interests of Relativity Media, LLC.

Relativity Fashion, LLC does not directly or indirectly own 10% or more of any other corporation's publicly traded equity interests.  Relativity Fashion, LLC does not own a direct interest in any general or limited partnerships or joint ventures.

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned authorized and designated signatory for the limited liability company named as the debtor in this chapter 11 case, declare under penalty of perjury that I have read the foregoing Corporate Ownership Statement and that it is true and correct to the best of my information and belief.

By: _____
Name:  Colin M. Adams
Title:  Chief Restructuring Officer